UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| ANTHONY KABARA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-503-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SARAH KIFFMEYER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiff's motion to remand this action to the Whitley Circuit Court. [Record No. 7] The motion will be denied because the Court finds that the amount in controversy at the time of removal, more likely than not, exceeded the jurisdictional minimum.

## I.   PROCEDURAL BACKGROUND

This action was filed in the Whitley Circuit Court on May 20, 2005. This action stems from an automobile accident between the Plaintiff and Defendant. Through his Complaint, the Plaintiff asserts that the Defendant's negligent operation of her vehicle caused his injuries. In accordance with the Kentucky Rules of Civil Procedure, the Plaintiff has not specified the total amount of monetary damages sought. However, he does allege that he has medical expenses "in excess of $4,000.00." [Record No. 1, Complaint, p. 2] In addition, through his prayer for relief, the Plaintiff has indicated that he seeks to recover "compensatory damages . . . in excess of the minimum jurisdictional amounts of th[e] [state] Court." [Record No. 1, Complaint, p. 3]

-1-

Defendant Sarah Kiffmeyer filed a Notice of Removal with this Court on September 14, 2005. [Record No. 1]  In her Notice of Removal, Kiffmeyer asserts the Court has jurisdiction over this action because "the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000), exclusive of interest and costs."  [Record No. 1, p. 2]

On October 6, 2005, the Plaintiff filed the instant motion to remand. [Record No. 7]  In his motion, the Plaintiff simply asserts that he "is not seeking more than $75,000."  However, he further states that he has incurred medical expenses of more than $4,000.00.  As such, the Plaintiff claims that this matter should be remanded back to state court.  The Plaintiff has not filed affidavits, legal memoranda or any other support for his position.

In response, the Defendant notes that the jurisdiction of federal courts is determined at the time of removal and that, at the time of removal the Plaintiff was seeking damages in excess of $75,000, exclusive of interest and costs.  To support this contention, the Defendant relies on a demand letter written by the Plaintiff's attorney to State Farm Insurance Company in which counsel requested, on behalf of his client, $100,000.00 to settle the dispute between the parties.  This letter was written prior to the filing of this lawsuit in state court and, according to the Defendant, is evidence that the amount in controversy exceeds the jurisdictional amount of this Court.  The Defendant further argues that, even though the Plaintiff has asserted that he is not "seeking" more than the jurisdictional amount, he could be awarded an amount in excess of $75,000.00 in the Whitley Circuit Court.  The Defendant cites *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) in support of her position.

## II.    LEGAL ANALYSIS

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court.  A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  Consequently, "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached."  *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

In *Saint Paul Mercury*, the Court refused to remand an action, properly removed in light of the original complaint, when the plaintiff filed an amended complaint which reduced the amount initially claimed to an amount below the amount in controversy requirement.  In denying the motion to remand, the Court stated that "[i]f the plaintiff could, no matter how bona fide his original claim in state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id*. at 294.

Here, the Complaint is devoid of any allegations concerning the total amount of damages that the Plaintiff seeks to recover.  And while the Plaintiff asserts that he is not seeking more than $75,000, he has not submitted any information or evidence which would assist the Court

in resolving this motion in his favor. Notwithstanding this failure, when faced with an indeterminate state court complaint, it is the federal court's responsibility to make an independent subject matter jurisdictional determination rather than rely solely on conclusory assertions. *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305 (E.D. Ky. 1990), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 184 (1936).

Based on a review of the limited information submitted, the Court concludes that the Defendant has met her burden of establishing that the amount in controversy exceeds the jurisdictional prerequisite. The Defendant has presented evidence (*i.e.*, the demand letter) that indicates that, at the time of removal, the Plaintiff was seeking in excess of $75,000, exclusive of interest and costs, in damages. The Plaintiff's post removal assertion that "he is not seeking more $75,000" is insufficient to divest this Court of jurisdiction.

Accordingly, it is hereby **ORDERED** that the Plaintiff's motion to remand this action to the Whitley Circuit Court [Record No. 7] is **DENIED**.

This 1st day of November, 2005.



Signed By:

*Danny C. Reeves*  DCR

United States District Judge